1  LOUIS G. BEARY, ESQ. / SBN 152341
2  **Law Offices of Louis G. Beary**
   5000 Roberts Lake Road, Suite B
3  Rohnert Park, CA 94928
   Phone:     (707) 495-4454
4  Facsimile: (707) 586-0218

5  Attorneys for Plaintiff

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   RIVER RAY,                              | Case No.

11                          Plaintiff,       | COMPLAINT FOR VIOLATION OF CIVIL
                                             | RIGHTS AND DAMAGES
12                 vs.

13                                           |
   COUNTY OF SACRAMENTO;                     | JURY TRIAL DEMANDED
14 SACRAMENTO COUNTY SHERIFF'S
   DEPARTMENT; RANCHO CORDOVA
15 POLICE DEPARTMENT; AND DOES 1 TO
   50,
16
17                      Defendants.

18                          **INTRODUCTION**

19         This case arises out of the excessive force of several Officers employed by Sacramento

20  County, the Sacramento County Sheriff's Office, and the Rancho Cordova Police Department on

21  July 23, 2019 when said Officers arrested Plaintiff River Ray for evading a peace officer and

22  other related charges.  The excessive force used by these Officers resulted in severe and

23  permanent injuries to Plaintiff River Ray, including major trauma to his head which caused him

24  to be hospitalized in the ICU for several weeks.

25                            **PARTIES**

26         1.  Plaintiff herein, RIVER RAY, is, and at all times herein mentioned

27  was citizen of the United States.

28         2.     Defendant COUNTY OF SACRAMENTO is a governmental entity, duly

COMPLAINT                                                                                    1

organized and existing under the laws of the State of California.

3. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a governmental entity, duly organized and existing under the laws of the State of California.

4. Defendant RANCHO CORDOVA POLICE DEPARTMENT is a governmental entity, duly organized and existing under the laws of the State of California.

6. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES *1-50,* inclusive, when they have been ascertained.

7. DOES I through 25, inclusive, are police officers employed by Defendants acting within the course and scope of their employment by Defendants, and were directly involved in the detention, arrest and severe beating of Plaintiff. DOES 26 through 50, inclusive, are defendant police officers employed by Defendants, acting within the course and scope of their employment by Defendants, were employed in a supervisory capacity by Defendants and were responsible in some manner for properly and adequately hiring, retaining, supervising disciplining, and training defendant police officers employed Defendants in the proper and reasonable making of detentions and arrests.

## STATEMENT OF THE FACTS

8. On July 23, 2019 at approximately 3:00 p.m. Plaintiff was arrested near the intersection of Olson Drive and Folsom Boulevard in Rancho Cordova, California, following a police chase. On information and belief, the Officers involved in the arrest and detention of Plaintiff used excessive force in detaining Plaintiff including, but not limited to, kneeling on his head and neck, slamming his head and face into the pavement, hitting him with batons and other objects, and punching and kicking Plaintiff.

9. Plaintiff is further informed and believes and thereon alleges that Plaintiff's injuries were a foreseeable harm resulting from Defendants' failure to exercise the duty of care owed to

Plaintiff, by intentionally using excessive force against the Plaintiff.

10. The above-described intentional and/or negligent conduct by Defendants was a factual and proximate cause of Plaintiff's damages.

11. Plaintiff is informed and believes and thereon alleges that Defendants, by and through its supervisory employees, and agents, and DOES 1-50, inclusive, has and had a mandatory duty of care to properly and adequately hire train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to detainees. With deliberate indifference, Defendants and DOES *1-50,* inclusive, failed to take necessary, proper, and/or adequate measures to prevent the violation of Plaintiffs rights.

12. Plaintiff is informed and believes and thereon alleges that Defendants, an DOES *1-50,* inclusive, breached their duty of care to the public in that they failed to adequately train, supervise, and discipline their police officers in the proper making of detentions, arrests and use of force. This lack of adequate supervisorial training demonstrates the existence of an informal custom, policy, or practice of promoting, tolerating, and/or ratifying with deliberate indifference the continued making of unlawful detentions, arrests, and use of excessive and/or deadly force against detainees, by police officers DOES *1-50* inclusive, employed by Defendants.

## **DAMAGES**

13. As a consequence of Defendants' violation of Plaintiffs federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiff RIVER RAY was physically, mentally, and emotionally injured and damaged.

14. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

///

///

///

## FIRST CAUSE OF ACTION

### (Violation of Plaintiff's Civil Rights)

### (42 .S.C. §1983)

15. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Defendants, acting under color of state law, and without due process of law deprived Plaintiff of his civil rights by use of unreasonable, unjustified and excessive force and violence, causing injuries which resulted in severe and permanent injuries to Plaintiff, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of Plaintiff's injuries to deprive Plaintiff of his right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

17. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, plaintiff prays for relief as follows:

1. For general damages in a sum according to proof;

2. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants, defendant police officers and/or DOES 1-50 and/or each of them;

3. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

4. For costs of suit herein incurred; and

5. For such other and further reliefs as the Court deems just and proper.

Date: October 20, 2020                          SCRANTON LAW FIRM
                                                A Professional Corporation

                                                ___ */s/ Louis G. Beary*___
                                                LOUIS G. BEARY, ESQ.
                                                Attorney for Plaintiff